## CIRCUIT COURT OF LOUDOUN COUNTY

Harmon Building Associates, L.P.

v.

Edward M. Weinmann,
d/b/a Lifeline Total
Healthcare, L.L.C., et al.

September 27, 2000

Case No. (Law) 23021

BY JUDGE CARLETON PENN

The above action was heard by bench trial on September 11, 2000, and the case was taken under advisement.

This is a landlord-tenant dispute. The written lease of seventeen pages with attached exhibits was dated December 16, 1996, for a term of seven years. The tenant was Lifeline Total Healthcare, L.L.C., a Virginia limited liability company. Edward M. Weinmann, D.C., signed the lease as "Managing Member" and Richard M. Tribino signed it as "Member." The lessor was Harmon Building Associates, Limited Partnership. (Plaintiff's Exhibit 1.)

The expiration date of the lease was March 1, 2004, but the demised premises were vacated December 3, 1999. (Plaintiff's Exhibit 2.) That exhibit, the "Occupant Ledger" of Kenwood Management Company, L.L.C., shows Lifeline and Edward M. Weinmann, D.C., as the contact person. It also shows a balance due Plaintiff of $31,758.78, as of March 1, 2000.

Defendants seek to avoid personal liability under the lease because there is no such entity registered with the State Corporation Commission as Lifeline Total Healthcare, L.L.C. They say that the correct name for the limited liability company should have included the words "Centers" at the end of the name and that Plaintiff, therefore, should not recover against Weinmann and Tribino.

Defendants assert that the course of dealings between the landlord and the tenants was "consistent with the intent of the contracting parties and were sufficient to modify the terms of the December 16, 1996, lease agreement." The Court agrees that a contract under the law in Virginia may be modified upon the course of dealings between the contracting parties, and the intention of the parties should be given effect.

Plaintiff's Exhibit 11 shows that the Lease Agreement was hand-delivered to the Defendants on or about December 16, 1996, the day before they signed the lease. There is no evidence that Defendants endeavored to correct the name of the limited liability company shown as the lessee. There is no evidence that any suggestion was made of an error of omission in the name, although with the name of the business appearing above the signatures of the Defendant, they are presumed to have seen it at execution.

Neither was there evidence of a course of dealings nor of an intention of the parties to serve as a basis to the lease. It is true that Defendants' Exhibits 1 and 2 include two checks of Lifeline Total Healthcare Centers, L.L.C., for rent.

However, the acceptance of those two checks, in the opinion of the Court, between the inception of the lease in December 1996 and its breach in December 1999 with the rent having been paid monthly over that period of time, is insufficient evidence to suggest that the Court should modify the lease. (See also Plaintiff's Exhibits 7, 8, and 9.)

Judgment will enter for the amount sued for $31,758.78, together with interest on the several installments from their respective due dates until paid and costs. A hearing may be brought on by praecipe to determine what attorneys' fees may be reasonably awarded under Paragraph 36 of the lease.